Kirkpatrick, C. J.
It appears from the record sent up with this certiorari, that John Cams the plaintiff below, institutéd a suit against Silas Woodruff, the defendent below, before James B. Hunt, Esquire, one of the justices of the county of Cumberland; that on the day of appearance, he filed with the said justice a copy of his account containing a variety of particulars, amounting in the whole to upwards of ninety dollars; and that Woodruff, the defendant, also filed a copy of his account, with an intent to make a set-off, as is presumed, but he filed therewith no pléa of payment, as the law in that case directs. The justice upon the trial, examined witnesses, and also the hook account of the parties, and thereupon rendered judgment for the plaintiff Cams, for g4 debt, $2 16 of costs.
[*] From this judgment, Cams the plaintiff, appealed to the Court of Common Pleas, and there obtained judgment for $71 32 cents, and this judgment is now brought up into this Court by certiorari.
There are sundry reasons assigned for the reversal of it; many of them altogether formal. Those which seem to be relied upon, are the second, viz: that the défendant Wood-ruff had no notice of the appeal; the third, viz: that the court could not, by law, render judgment for a greater sum than had been given below; and the fourth, viz: that the court Refused to open their judgment, and give the defendant a re-hearing.
As to the third and fourth of these reasons, it is only necessary to say, that the plaintiff in certiorari liás mistaken thé law. Upon an appeal from the judgment of a justice to the Court of Common Pleas, the cause is to be heard anew upon its merits, and judgment is to be rendered according to the justice of the case, without any respect to the judgment below. It may be either for the same, or for a greater or lesser sum than the judgment appealed from; it may be either for the same, or for the adverse party. And asto the opening of such judgment and granting a re-hearing; it is altogether a matter of discretion; and even though that discretion should he unfairly exercised, (which by the bye, does hot appear to be the case here) it is no matter of error to be amended by this Court.
The second reason is, to wit: that Woodruff, the defendant, had no notice of the appeal, deserves more attention. *383 For, as upon the appeal, the cause is to he heard upon its merits, it is essential to the administration of justice, that the appellee should not only have notice, but also time to bring in his witnesses and other evidence. I do not recollect that the act expressly requires this, but it is a dictate of natural justice, that a man should not be condemned without a hearing. And if the fact had been so, and had been satisfactorily brought up before this Court, I should have been inclined [*] to reverse on that account; but it is not brought up; and the mere suggestion of counsel in the assignment of reasons, cannot be taken as a ground of adjudication. Therefore, I think the judgment of the pleas must be affirmed.
The other Judges concurred.
Judgment affirmed.